## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

ALFRED RISIEN HAMMAN,

      Plaintiff,

v.                                                          Case No.  4:22-cv-146-AW/MJF

FLORIDA'S BOARD OF GOVERNORS,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, commenced this civil rights action against the "Florida's Board of Governors." Doc. 2 at 1. Based on the allegations found in Plaintiff's complaint, Plaintiff seeks to hold the Board of Governors of the State University System of Florida liable for actions taken by the staff of the University of Central Florida. These actions allegedly occurred at the University of Central Florida's campus, which is located in Orange County, Florida, which is part of the Middle District of Florida. Because the Middle District of Florida is the proper venue, the District Court should transfer this case to the United States District Court for the Middle District of Florida.

### I. BACKGROUND

During the relevant period, Plaintiff allegedly was homeschooling his minor son and wished to enroll his son in the University of Central Florida's dual

Page 1 of 7

enrollment program. From 2016 through July 2018, the University of Central Florida had three policies with respect to its dual enrollment program. Plaintiff claims that these three policies violated the Fourteenth Amendment because these policies prevented his minor son from applying to and participating in the dual enrollment program. This is Plaintiff's fourth federal lawsuit regarding these policies.[1] *See* Doc. 2 ¶¶ 46, 90 (indicating that he has been in litigation with the University of Central Florida for approximately six years).

In addition to his claims that these three policies violate the Fourteenth Amendment, Plaintiff also asserts that staff at the University of Central Florida directed police officers to improperly remove him from a Board Meeting in violation of the Fourteenth and First Amendment of the United States Constitution, retaliated against Plaintiff in violation of the First Amendment of the United States

---

[1] The undersigned takes judicial notice that Plaintiff previously filed three lawsuits—in which he claimed that the University of Central Florida's dual enrollment policies violated the United States Constitution—in the United States District Court for the Middle District of Florida:

- *Hamman v. Bd. of Governors*, No. 6:20-cv-649-CEM-LHP (M.D. Fla. Apr. 14, 2020) (dismissed as a sanction for Plaintiff's violations of the Federal Rules of Civil Procedure);
- *Hamman v. Univ. of Cent. Fla. Bd. of Trs.*, No. 6:19-cv-2243-PGB-DCI (M.D. Fla. Nov. 16, 2019) (dismissed pursuant to Plaintiff's notice of voluntary dismissal); and
- *Hamman v. Valencia Coll. Bd. of Trs.*, No. 6:19-cv-1153-CEM-GJK (M.D. Fla. June 21, 2019) (dismissed for Plaintiff's failure to comply with court orders).

Constitution, violated several provisions of the Florida State Constitution, and improperly responded to Plaintiff's public record requests under Florida law.

## II. DISCUSSION

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See id.* § 1404(a); *see also id.* § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The decision to transfer an action is left to the "sound discretion of the district court." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *See Mills v. Beech Aircraft*

*Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

Based upon a review of Plaintiff's complaint and his litigation history, it is in the interest of justice to transfer this case to the United States District Court for the Middle District of Florida.

First, due to Plaintiff's litigation of these claims in the Middle District of Florida, that court is already familiar with Plaintiff's claims. It is consistent with principles of efficiency and judicial economy for the Middle District of Florida to continue to address these claims.

Second, Plaintiff resides in the Middle District of Florida. Thus, that district is the most convenient forum for Plaintiff.

Third, it appears that Plaintiff elected to initiate this civil action in the Northern District of Florida only because the Middle District of Florida dismissed Plaintiff's prior lawsuit as a sanction for his "continuous violations of the Federal Rules of Civil Procedure." *Hamman v. Bd. of Governors*, 6:20-cv-649, ECF No. 14 at 4 (M.D. Fla. Apr. 14, 2020). Plaintiff's selection of the Northern District of Florida, therefore, is a transparent attempt to evade this sanction.

Fourth, based upon a review of Plaintiff's complaint, the relevant events occurred in Orange County, Florida, where the University of Central Florida is

located. Indeed, Plaintiff asserts that these events occurred on the University of Central Florida's campus. Specifically, he alleges that he was improperly removed from the Board meeting. Doc 2 ¶¶ 46, 50, 58. He also alleges that University of Central Florida employees declined to accept his request for public records. *Id.* ¶¶ 84-89, 94-104. Orange County is located in the Middle District of Florida.

Fifth, it appears that the relevant evidence is located in the Middle District of Florida, and it appears that Plaintiff and most of the witnesses likely reside in the Middle District of Florida. Indeed, the police officers and University of Central Florida employees identified by Plaintiff in his complaint likely reside in the Middle District of Florida. Thus, litigating this case in the Middle District of Florida would afford the parties greater access to the source of proof, would facilitate compulsory process for attendance of unwilling witnesses, and would minimize the cost of obtaining the attendance of witnesses at trial. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981).

Finally, because the sole Defendant is an entity of the government of the State of Florida, the Defendant will not suffer substantial prejudice by having to litigate this matter in the Middle District of Florida, as opposed to the Northern District of Florida.

### III. CONCLUSION

Because the Middle District of Florida is the most appropriate venue for this civil action, the undersigned respectfully **RECOMMENDS** that:

1.     this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida; and

2.     the clerk of the court close this case file.

At Pensacola, Florida, this <u>13th</u> day of June, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety**

**of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**